MICHAEL J. KELLY, PLAINTIFF, v. MORRIS COUNTY TRACTION COMPANY ET AL., DEFENDANTS.

ARTHUR J. SELDNEY, PLAINTIFF, v. MORRIS COUNTY TRACTION COMPANY ET AL., DEFENDANTS.

Submitted May 26, 1924—Decided August 15, 1924.

Libel—Malicious Prosecution—Conspiracy—Plaintiffs, Jitneurs, Alleging Injury Through Acts of Traction Company, Mayor and Others—Malice Not Shown—Action Cannot Lie.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, Bolitho & O'Connor.

Contra, Seth H. Ely and William H. Spear.

PER CURIAM.

The plaintiffs in these cases were jitneurs, operating jitney buses between Morristown and Wharton, and through the town of Dover, in Morris county. The Morris County Traction Company operated an electric street car line between

and in these points. These suits were instituted by the plaintiffs against the traction company, one Schultz, the mayor and board of aldermen of Dover, William Gardner, William Lindberg and John Hart. The complaints are each in three counts, substantially the same, and charge that the defendants conspired together and carried on a campaign of libel, malicious prosecution and conspiracy to destroy the plaintiffs' jitney business, and alleged sundry acts in support thereof; that the traction company and Schultz maliciously instituted several suits against the plaintiffs; that the traction company and Schultz sent a certain libelous communication concerning the plaintiff to the mayor and board of aldermen of Morristown, and libeled plaintiffs in affidavits filed in the civil actions.

The cases were tried in the Morris County Circuit, and resulted in a nonsuit. They are before us now on rules to show cause why a new trial should not be granted. We have examined the record of the case with care and find no reason to disagree with the conclusion reached by the learned trial judge. The Morris County Traction Company, operating a street railway line, owed to its stockholders the duty of affording them all legal protection against unjust or unlawful competition. It was legitimate for it to apply to the courts for any restraint upon the plaintiffs that seemed to it as affording protection in this regard. It is well settled in this state that civil actions, unless founded in malice, afford no ground for suit for damages (*McFadden* v. *Lane*, 71 *N. J. L.* 630), and the evidence disclosed nothing from which malice could be inferred. We think it was equally within its rights in its communications to the public authorities urging steps that would afford it protection in the exercise of its franchise. There is nothing to show that the municipal authorities, in adopting the ordinances in question, or in the attempts to enforce them, were actuated by other than an honest purpose to perform a public duty. The public authorities are the custodians of the public highways in many respects, and as such stand for the protection of the rights of the public therein. A street car line is but a means whereby the com-

munity can be transported from one point to another with convenience and dispatch. The public is interested to see that this transportation is efficient, responsible and supplied at the lowest cost. A diversion of travel to other means naturally contracted the public patronage of the traction company and made probable added costs in the way of higher fares to those who patronized its lines. The public authorities were also interested in the protection of the highways themselves against unreasonable use. Whether the ordinances were valid or invalid is of no consequence unless it appear that the authorities were actuated by improper motives in their adoption and attempted enforcement. There is nothing in the case from which improper motives could be inferred. On the contrary, from all that appears, their actions would seem to have been based upon an honest effort to preserve the public rights.

There being nothing upon which the right to damages could be predicated on any of the counts in either of the cases, the rule for a new trial in each case will be discharged.